STAGE HANDS REFERRAL SERVICE, LLC and International Alliance of Theatrical & Stage Employees and Motion Picture Technicians of the United States and Canada, Local 84, Petitioners

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 11–1137, 11–1204.

United States Court of Appeals, District of Columbia Circuit.

April 17, 2012.

Leon Mark Rosenblatt, Law Offices of Leon M. Rosenblatt, West Hartford, CT, for Petitioners.

Julie B. Broido, Supervisory, Linda Dreeben, Deputy Associate General Counsel, Amy Helen Ginn, National Labor Relations Board, Washington, DC, for Respondent.

Before: TATEL and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review of a National Labor Relations Board order filed May 3, 2011, be denied, and the National Labor Relations Board's cross-application for enforcement be granted, for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.

## MEMORANDUM

In a May 3, 2011 order, the National Labor Relations Board held that a post-hearing brief petitioner filed with an administrative law judge was not part of the record before the Board, that petitioner's attempt to supplement the record with the brief was untimely, and that the exceptions document that was properly before the Board provided no basis for disturbing the judge's backpay award of $77,455, plus interest. Before us, petitioner argues that (i) the Board acted arbitrarily by refusing to consider petitioner's post-hearing brief and by refusing to consider the substance of petitioner's exceptions to the backpay award, and (ii) the Board abused its discretion in denying petitioner's motion to supplement the record. The Board cross-petitions for enforcement of the backpay award.

Petitioner's arguments are without merit. The Board properly refused to consider petitioner's post-hearing brief because, as the plain language of the Board's regulations make clear, such post-hearing briefs are not part of the record before the Board. *See CPS Chemical Co., Inc.*, 324 NLRB 1018 (1997). Petitioner's argument misquotes the regulation, and petitioner's other arguments are not before us because they were never made to the Board. The Board also properly concluded that several

of petitioner's exceptions to the backpay award were unreviewable because they were not stated with sufficient particularity. (Indeed, without resorting to petitioner's post-hearing brief, those exceptions were stated with such inattention to the underlying facts as to be incomprehensible.) Nor was the Board's denial of petitioner's motion to supplement the record an abuse of discretion. Petitioner sought to supplement the record with its post-hearing brief more than two years after the date when a brief in support of exceptions would have been due. Accordingly, we deny petitioner's petition for review, and grant the Board's cross-petition for enforcement.